IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2020 MAR 17 P 2:21
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| LAVASIER "TONY" A. FEGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO: |
| | ) | CV-20  3:20-CV-192 |
| v. | ) | JURY DEMAND |
| | ) | |
| THE CITY OF TUSKEGEE, ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

## I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201 and 2202 and the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.*, and 42 U.S.C. §1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 §2000e *et seq.* and 42 U.S.C. §1981 providing for injunctive and other relief against sex discrimination and retaliation in employment.

2. This action is also for injunctive relief, back-pay, and other damages and liquidated damages for violations The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

3. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§1331, 1343(4); 28 U.S.C. §§ 201 and 2202; and 42 U.S.C. 2000e-5(f)(3).

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under

1

the Age Discrimination in Employment Act, 29 U.S.C., §621 *et. seq.* Plaintiff timely filed his EEOC Charge of Discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff timely filed his claims of sex and age discrimination and retaliation within 90 days of the receipt of his right-to-sue letters from the Equal Employment Opportunity Commission and/or Department of Justice.

5. The unlawful employment practices alleged herein below were committed by defendant within the State of Alabama. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(g).

## II. PARTIES

6. Plaintiff, Lavasier "Tony" A. Feggins, is an African-American male citizen of the United States and a resident of Wetumpka, Elmore County, Alabama and is over the age of forty (40) years. Plaintiff was employed by the defendant at its Tuskegee, Macon County, Alabama location at all times relevant to this lawsuit.

7. Defendant, City of Tuskegee, Alabama, is a, entity doing business in Alabama and is subject to suit under 42 U.S.C. §2000e *et seq.*, 29 U.S.C., §621 *et. seq.*, and 42 U.S.C. §1981. Defendant employs at least fifteen (15) persons.

8. Defendant is a municipality formed under the laws of the State of Alabama and its form of government is that of a city manager-council form of government under Title 11-43A-1 of the Code of Alabama 1975 as amended. In that form of government, the City Manager has the full powers and authority for the administration of employees, including hiring and firing as well as the direction of supervision of all department heads, administrators and other employees (Alabama Code §11-43A-28).

9.     The City of Tuskegee employs approximately 142 employees.

## III.    CAUSES OF ACTION

10.    Plaintiff re-alleges and incorporates by reference paragraphs 1-9 with the same force and effect as if fully set out in specific detail hereinbelow.

11.    Plaintiff has been discriminated against because of his sex and age in pay/pay raises, job duties/responsibilities, policies and procedures, suspension, termination and other terms and conditions of employment along with being retaliated against by Defendant because of his complaints/report regarding discrimination issue and other issues within the City.

12.    Plaintiff was hired by Defendant on or about February 20, 2018 as the Human Resources Director. At the time of Plaintiff's hiring, he was reporting to City Manager, Bernard Houston. Plaintiff was employed for approximately 20 months prior to his termination.

13.    During Plaintiff's probationary period (February 13, 2018 - August 13, 2013) and thereafter, he performed by job duties and responsibilities in a satisfactory manner.

14.    In July 2018, Plaintiff gave a Report to the Ethics Committee regarding numerous issues with the City. After his Report, Plaintiff's work environment changed drastically. Specifically, Plaintiff's budget changed, his City credit card was taken away and his request for a raise was denied (June 18, 2019) even though other employees were granted requested raises. Plaintiff was then required to report his whereabouts to the Acting City Manager, whereas no other City employees was required to do so. Finally, Defendant began circumventing the hiring process by not going through Plaintiff and the Human Resources Department, as required.

15.    On September 23, 2019, Plaintiff requested a raise for additional duties that he was given by Defendant. However, Plaintiff was denied said raise. Similarly situated female co-workers

3

were given raises for their additional duties.

16. On October 25, 2019, approximately 23 days after Plaintiff filed his Amended EEOC charge (420-2020-00028), he was placed on suspension by the Temporary Acting City Manager.

17. On November 1, 2019, Plaintiff was terminated from his employment. The reasons given for Plaintiff's suspension and termination were pretext for sex and age discrimination along with retaliation for engaging in protected activity, i.e., making complaints about race discrimination and filing EEOC charges.

18. On information and belief, Defendant placed a younger female in the position as Acting Human Resource Director after Plaintiff's termination.

19. Defendant's proffered reason(s) for Plaintiff's discriminatory treatment were pretext for sex and age discrimination and retaliation.

20. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by 42 U.S.C. §2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C., §621 *et seq.*, and 42 U.S.C. §1981.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate 42 U.S.C. §2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C., §621 *et seq.*, and 42 U.S.C. §1981.

3. Enter an order requiring Defendant to make Plaintiff whole by awarding him reinstatement and pay he would have had received in the absence of sex and age discrimination and retaliation, back-pay (plus interest), front-pay, punitive, liquidated and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES.**

Respectfully submitted,

Gregory O. Wiggins
WIGGINS, CHILDS, PANTAZIS,
  FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
205/254-1500 (fax)
gwiggins@wigginschilds.com

**DEFENDANT'S ADDRESS:**

City of Tuskegee, Alabama
101 Fonville Street
P.O. Box 830687
Tuskegee, Alabama 36083

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2020 MAR 17 P 2: 21
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| LAVASIER "TONY" A. FEGGINS, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO: 3:20-CV-192 |
| | ) CV-20 |
| v. | ) JURY DEMAND |
| THE CITY OF TUSKEGEE, ALABAMA, | ) |
| Defendant. | ) |

## REQUEST FOR SERVICE BY CERTIFIED MAIL

Please serve Defendant, The City of Tuskegee, Alabama, City of Tuskegee, Alabama, 101 Fonville Street, P.O. Box 830687, Tuskegee, Alabama 36083 certified mail pursuant to Alabama Rules of Civil Procedure 4(i)(2) and Federal Rules of Civil Procedure 4(e)(1).

Gregory O. Wiggins
WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
*Counsel for the Plaintiff*